In the Matter of the Application of PIETRO ANGELORA and Others, Petitioners, for an Order under Article 78 of the Civil Practice Act, against PAUL J. KERN, President, and Others, Commissioners, Constituting the Municipal Civil Service Commission for the City of New York, Defendants.*

Supreme Court, Special Term, New York County, March 24, 1941.

---

* Affd., 262 App. Div. 1018.

*Albert De Roode,* for the petitioners.

*William C. Chanler, Corporation Counsel,* for the defendants.

SHIENTAG, J. Petitioners, whose names appear on the eligible labor list for auto truck drivers in the department of sanitation, seek an order under article 78 of the Civil Practice Act directing the municipal civil service commission to continue the life of the list for four years from January 20, 1940, or in the alternative for two years from March and September, 1940, and for other appropriate relief.

These petitioners between September 9 and September 11, 1936, submitted applications for the position of auto truck driver in the labor class of the civil service of the city of New York. Subsequently they were required to take a qualifying examination. Those who passed the examination on March 26, 27, 1940, fall into one group, and those who passed a qualifying test on September 11, 12, 1940, fall into a second group. Upon the successful passing of the qualifying examination, which consisted of a medical, physical, practical and literary test, the candidates were marked " qualified " upon the register and a labor list was thereupon promulgated containing the names of those thus marked qualified. At the time the petitioners submitted their applications for the position hereinbefore referred to, the rules of the civil service commission of the city of New York relating to the labor class contained the following provisions: " Eligibility of candidates on eligible lists shall cease on the first days of January, April, July and October immediately succeeding the expiration of one year. Their eligibility may be renewed for one year from such quarterly dates at the discretion of the Commission " (N. Y. City Mun. Civ. Serv. Comm. Rules, rule VII, § V, ¶ 2), and further, " No applicant will be examined after two years from the date of filing his application except that the Commission may extend his application for a period of two years provided the applicant shall file a request therefor within 30 days before its expiration." (Rule VII, § III, ¶ 5.)

Under the rules petitioners' eligibility for appointment to positions of auto truck drivers did not commence until they had been examined by the municipal civil service commission, found qualified and registered and placed upon the eligible list. (Civ. Serv. Law, § 18.) If these rules were still in full force and effect, the eligibility of one group of petitioners would expire April 1, 1941, unless renewed for an additional year in the discretion of the commission, and the eligibility of the other group would expire October 1, 1941, unless similarly renewed for an extra year.

However, on June 3, 1937, paragraph 2 of section V of rule VII was amended with the approval of the State Civil Service Commission to read as follows: " Eligibility for examination and appointment of applicants for positions in the labor class shall cease at the end of four years from date of filing, and applicants who have been examined and who have been qualified and whose names appear upon eligible lists shall remain eligible during the period above specified." Simultaneously, paragraph 5 of section III of rule VII was also amended to read: " Applications shall remain on file four years from date of registration."

Thereafter, and on June 16, 1937, the commission, in order to clarify the operation of this rule and to avoid the possibility of retroactivity in its application, passed a formal resolution providing that the new rule " shall affect only future eligible lists established by the commission and do not apply to presently qualified eligibles."

Accordingly, under paragraph 2 of section V of rule VII no one could be appointed to a position in a labor class more than four years after the date of filing of his application, even if he had already been examined, found qualified and placed upon the eligible list. The effect of this amendment upon petitioners was to terminate their eligibility for appointment four years after the date that their original applications were filed. Although the applications were submitted early in September, 1936, the commission has treated the date of filing as being January 20, 1937, at which time a bound volume or register containing the names of a large number of their earliest applicants was filed in the certification bureau of the commission. Accepting January 20, 1937, as the date of filing (rather than September 9–11, 1936), the petitioners' eligibility to appointment expires on January 20, 1941, four years thereafter.

Petitioners contend, however, that paragraph 2 of section V of rule VII should be interpreted as granting to persons on eligible lists eligibility for a period of four years from the time their names were placed upon such eligible lists rather than from the time of filing of their original applications. This construction of the rule in question is contrary to its express language. Furthermore, the resolution adopted by the commission on June 16, 1937, hereinbefore referred to, negatives the interpretation which petitioners seek to give to the rule. The obvious purpose of the resolution was to safeguard those whose names already appeared on eligible lists against the adverse effect of the amendment if it were applied retroactively. Persons whose eligibility prior to the amendment might continue for a period of one year, plus an additional year, if the commission saw fit to grant the same, were thus permitted

to remain on the eligible list until the expiration of such year, or two, notwithstanding the fact that the period of their eligibility might extend beyond four years from the dates their applications were originally filed.

If petitioners' construction of the amendment to paragraph 2 of section V of rule VII were correct and eligibility under that amendment were to continue for a period of four years from the time petitioners' names were placed on the eligible list, there would have been no reason for the adoption of the resolution of June 16, 1937, which made the amendment applicable only to future eligible lists. If the amendment can bear the construction contended for by the petitioners, the period of eligibility of persons on existing eligible lists would not have been cut down by the amendment but on the contrary would have been enlarged. Existing eligibles would undoubtedly have been given the benefit of the increased period of eligibility which future eligibles would enjoy. There can be no justification for discriminating against present eligibles. The only reasonable motive to be ascribed to the commission for its adoption of the resolution of June 16, 1937, is that it wished to protect existing eligibles from loss of eligibility by reason of the expiration of four years from the dates that their applications were filed.

The amendment to paragraph 5 of section III of rule VII, adopted simultaneously with the other amendment, heretofore discussed, does not require a contrary conclusion. That amendment, it is true, provides that " applications shall remain on file four years from date of registration." It does not follow, however, as petitioners contend, that the date of " registration," within the meaning of such amendment, is the date when petitioners were found qualified and placed upon an eligible list. The word " registration," as used in the amended rule, was not employed in the sense in which that word is used in the last sentence of section 18 of the Civil Service Law. The context indicates clearly that by " registration " in paragraph 5 of section III of rule VII the commission meant the date the applications were placed on file in a book or register in the office of the commission, prior to examination of applicants and their registration upon the eligible list pursuant to section 18 of the Civil Service Law.

Consideration must yet be given to the fact that the application forms filled out by petitioners bore a statement to the effect that " the application is good until you reach the age limit, provided you are not called for examination prior thereto, and further provided you keep the Commission advised of change of address."

The quoted statement was, of course, inconsistent with the provision of the then paragraph 5 of section III of rule VII that an applicant would not be examined after two years from the date his application was filed except that the commission might extend the term upon his request for an additional two years. It is unnecessary, however, to determine whether the statement on the application forms had the effect of superseding the provisions of the then existing rule for it was within the power of the commission by subsequent amendment of its rules to cut down the length of the period during which applications would be permitted to remain in full force and effect. The statement on the application forms did not tie the hands of the commission and confer upon all applicants an irrevocable right to have their applications remain in force until they reached the age limit. At any rate, the statement on the application forms is of no avail to the present petitioners, for such statement is to the effect that " the application is good until you reach the age limit " only " provided you are not called for examination prior thereto." Petitioners were all called for examination prior to reaching the age limit and, therefore, may not insist that the statement on their applications preserved their effectiveness after that time.

The court has not overlooked the fact that on June 16, 1937, the commission, in addition to adopting the resolution previously referred to, in order to prevent the new amendments to its rules from having retroactive effect, also adopted a resolution " that all future labor eligible lists shall remain in existence for a period of two years and that the life of labor eligible lists now in existence shall be extended to come within the provisions of this rule " The resolution appears to be inconsistent with the amendment of paragraph 2 of section V of rule VII. However, on March 8, 1939, prior to the time when petitioners were called for examination and placed upon the eligible list, the resolution was rescinded and it, therefore, has no effect upon the determination of the present application.

For the reasons indicated, the application, in so far as it seeks to compel the commission to continue the eligibility of the petitioners beyond January 20, 1941, is denied.

One final question remains for disposition. It appears that some forty-five petitioners have served in a temporary capacity as laborers with the housing and tunnel authorities and other city departments. This group specifically invoked the provisions of paragraph 2 of section III of rule VII of the Rules of the Municipal Civil Service Commission of the city of New York to the effect that employees who have served more than one month and are laid

off shall be placed on a preferred list for reinstatement to a position similar to the one from which suspension was made.

Under the clear and definite wording of rule VII those employees who have served one month are entitled to be placed upon a preferred list for reinstatement to the position from which suspension was made or a similar position. The defendants argue that this provision of rule VII was impliedly repealed on July 21, 1939, by the fixation of a six-month probationary period for both the competitive and labor classes of the civil service. Prior to that time appointments in the labor class of more than one month were regarded as " indefinite probable permanent," and those of less than one month were deemed " temporary." It may be that the failure to amend rule VII so as to substitute six months for the period of one month therein provided for was inadvertent. The fact remains that rule VII still stands in its original form and requires persons who have served one month or more to be placed upon a preferred list.

In any event, the defendants argue that since the employment of those petitioners who served one month or more was temporary rather than permanent they are entitled on reinstatement only to temporary employment. This view represents the correct interpretation of section VIII of rule VII, which provides that " persons whose names are on a list of suspended employees may be certified for appointment for a position similar to the one from which suspension was made, whenever there are no vacancies in the same position." The clear meaning of this rule is that persons whose names appear on a list of suspended employees shall be entitled on reinstatement only to temporary employment under the title of laborer. I do not interpret the word " similar " to refer solely to the nature of the work done. Reading the rule in conjunction with the general scope and intendment of all the rules applicable to the instant situation, the conclusion follows that the use of the word " similar " was intended to embrace not only the nature of the work but also the duration of the employment.

Accordingly, the petitioners who have served more than one month are entitled to be placed on a preferred list for appointment to temporary positions in the labor class involving similar work and duties. Settle order.